Ovanes MIKAELIAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04-73039.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Melanie M. Yang, Esq., Rose, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Ovanes Mikaelian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying his motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

Contrary to Mikaelian's contention, the BIA considered the evidence of changed country conditions in its decision to deny his motion to reopen. Moreover, the BIA did not abuse its discretion in denying the motion to reopen because Mikaelian did not demonstrate a prima facie eligibility for asylum and withholding of removal. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003), *see also Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc).

Furthermore, the BIA did not abuse its discretion in denying the motion to reopen on grounds of ineffective assistance of counsel, because it is not clear and obvious from the face of the record that Mikaelian's representative was ineffective. *See Castillo–Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir.2000).

Finally, Mikaelian's contention that he was entitled to asylum as a matter of discretion fails because the BIA did not abuse its discretion in denying the motion to reopen based on Mikaelian's failure to demonstrate prima facie eligibility for asylum. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir.2004) (stating that asylum is a two-step process that requires the applicant first to establish his eligibility for asylum).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.